UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| WESLEY ROYCE MOTON, | ) | CASE NO. C09-1191-JLR-MAT |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| OFFICER C. AN, et al., | ) | |
| Defendants. | ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. He names Correctional Officer Chong An and Commander Karrlson, employees of the King County Correctional Facility (KCCF) in downtown Seattle, as defendants. Plaintiff alleges he was unlawfully detained at KCCF without charges being filed against him for more than seventy two hours after his booking on December 17, 2008, and that defendant An engaged in cruel and unusual punishment by placing him outside in below freezing weather for some two and a half hours on December 19, 2008. (Dkt. 5 at 3.)

Defendants seek dismissal of plaintiff's claims on summary judgment. (Dkt. 17.) Plaintiff did not respond to the motion for summary judgment. The Court deems plaintiff's failure to oppose the dispositive motion to be an admission that defendants' motion has merit. *See* Local Civil Rule 7(b)(2). The Court further finds, having considered the motion and supporting documents, as well as the balance of the record in this matter, that defendants' motion for summary judgment should be granted and this case dismissed.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex*, 477 U.S. at 322-23. The court must draw all reasonable inferences in favor of the non-moving party. *See F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994).

Plaintiff here pursues claims pursuant to 42 U.S.C. § 1983. In order to sustain a § 1983 claim, plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court first addresses plaintiff's identification of Karrlson as a defendant. A plaintiff in a § 1983 action must allege facts showing how individually named defendants

caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights.

In this case, plaintiff fails to allege any facts showing how Karrlson violated his civil rights. In fact, plaintiff does not mention Karrlson in stating his claims. (*See* Dkt. 5 at 3.) Instead, the only mention of Karrlson consists of his identification as an "additional defendant." (*Id.*) Accordingly, plaintiff fails to state a claim against Karrlson and his complaint is subject to dismissal on this basis.

Plaintiff's allegation pertaining to the failure to file charges against him within seventy two hours of his booking is likewise subject to dismissal. As observed by defendants, plaintiff presumably intends this claim to present a violation of his right to due process under the Fourteenth Amendment. *See*, *e.g.*, *Hayes v. Faulkner County*, 388 F.3d 669, 673 (8th Cir. 2004) ("the Due Process Clause forbids an extended detention, without a first appearance, following arrest by warrant").[1] However, plaintiff fails to identify any defendant in association with this claim. (*See* Dkt. 5 at 3.)

Moreover, even if plaintiff did clearly identify a potentially liable defendant, he fails to present any evidence in support of this claim. Plaintiff states that he was booked into KCCF

---

[1] The Court assumes without deciding that this presents a challenge to the conditions of plaintiff's confinement, as opposed to a challenge to the fact of plaintiff's detention, the latter of which would have to be brought as a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

on December 17, 2008 and that charges were not filed until December 23, 2008. (*Id*.) He further avers that, while he was also being held on an outstanding $20,075.00 bench warrant, he would have been able to post bail for that charge. (*Id*.)

Pursuant to Washington Criminal Rule (CrR) 3.2.1(f)(1):

> Unless an information or indictment is filed or the affected person consents in writing or on the record in open court, an accused, shall not be detained in jail or subjected to conditions of release for more than 72 hours after the defendant's detention in jail or release on conditions, whichever occurs first. Computation of the 72 hour period shall not include any part of Saturdays, Sundays, and holidays.

Defendants show that, in this case, plaintiff made his first appearance before a King County District Judge on December 18, 2008 and, following a determination of probable cause to support arrest and detention, the judge scheduled a second appearance on December 19, 2008. (Dkt. 17-2, Attach. A.) However, because King County courts were closed from December 19, 2008 through December 22, 2008 due to inclement weather (*id*., Attach's. C-1 – C-4), plaintiff's second appearance was rescheduled for December 23, 2008 and thereafter stricken when plaintiff was charged on that date (*id*., Attach's. A and B). As noted by defendants, court rules allowed for both the weather-related closure, Washington General Court Rule (GR) 21(a), and the extension of plaintiff's detention beyond the 72-hour period until the court reopened following that closure, GR 3 ("In the event the last day for filing any document, having any hearing or for doing any other thing or matter in any court shall fall upon a day when such court shall be closed according to rule 2 or rule 21, then and in that event the time for such filing, hearing or other thing or matter shall be extended until the end of the next business day upon which such court shall be open for business.") Additionally, as acknowledged by plaintiff, he

REPORT AND RECOMMENDATION
PAGE -4

was also being held during this time period on an outstanding bench warrant.  (*See* Dkt. 17-2, Attach. D.)

Plaintiff presents no evidence either contradicting defendants' explanation for the extended period of detention or showing he posted bail for the outstanding warrant.  Instead, his allegation as it relates to unlawful detention is no more than conclusory.  Conclusory allegations in legal memoranda are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist.  *See Project Release v. Prevost*, 722 F.2d 960, 969 (2nd Cir. 1983).  *Accord Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("Sweeping conclusory allegations will not suffice to prevent summary judgment.")  Because plaintiff fails to satisfy his burden of showing a genuine issue of material fact exists, defendants' motion for summary judgment should be granted as to this claim.

Finally, plaintiff's assertion of cruel and unusual punishment does not survive defendants' motion for summary judgment.  As described above, plaintiff contends An subjected him to cruel and unusual punishment by placing him outside in below freezing weather for some two and a half hours on December 19, 2008.  (Dkt. 5 at 3.)  He attaches grievances describing his interpretation of the circumstances leading up to this incident.  (*Id*. at 5-7.)  Plaintiff seeks compensation for "pain and suffering for being put in the freezing cold weather as a punishment and not sent to the hole."  (*Id*. at 4.)

As applied to a pretrial detainee, this claim is properly analyzed under the Fourteenth Amendment.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Jones v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004).  *But cf. Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under

REPORT AND RECOMMENDATION
PAGE -5

the Eighth Amendment, however, we apply the same standards.")  The question is "whether there was an express intent to punish, or 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purposes assigned [to it].'" *Demery v. Arpaio*, 378 F.3d 1020, 1028 (9th Cir. 2004) (quoting *Bell*, 441 U.S. at 538).

"For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee."  *Id*. at 1029.  Further, "the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement."  *Id*. at 1030.  Also, as noted by defendants, under the Prison Litigation Reform Act, "[n]o Federal civil action may be brought by a prisoner. . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); *see Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

"[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees."  *Bell*, 441 U.S. at 546.  *Accord Jones*, 393 F.3d at 932 ("Legitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility.")  Moreover, corrections administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell*, 441 U.S. at 547.

In this case, defendants contend plaintiff and another inmate were placed in a secure

REPORT AND RECOMMENDATION
PAGE -6

outside area due to insubordinate behavior, namely, failure to comply with directions and encouragement of other inmates to join in the refusal to comply, and concern that that behavior was jeopardizing security.  (*See* Dkt. 17-4.)  An asserts that he placed plaintiff and the other inmate in the outside area because the "multi-purpose room" on the floor was at that time unavailable.  (*Id*., ¶ 11.)  Both An and a KCCF Sergeant called to the scene by An deny the assertion that plaintiff spent two and a half hours or an inordinate period of time outside during this incident.  (Dkt. 17-3, ¶ 7 and 17-4, ¶ 10.)  Additionally, the Sergeant clarifies that it was his decision, rather than An's decision, that plaintiff be returned to the unit at the conclusion of this incident.  (Dkt. 17-3, ¶ 8.)  Defendants assert the absence of any evidence plaintiff suffered any harm in relation to this incident.

As argued by defendants, plaintiff presents no evidence he suffered any harm as a result of this incident.   Nor does plaintiff meet his burden of showing a genuine issue of material fact exists on the question of whether the incident occurred for the purpose of punishment.   Instead, again, plaintiff's assertions with respect to this claim are no more than conclusory and, therefore, insufficient to defeat the motion for summary judgment.  *Leer*, 844 F.2d at 633; *Project Release*, 722 F.2d at 969.

For the reasons stated above, the Court recommends that defendants' motion for summary judgment (Dkt. 17) be GRANTED and this case DISMISSED with prejudice.[2]  A proposed order accompanies this Report and Recommendation.

/ / /

---

[2] Finding dismissal appropriate for the reasons stated above, the Court declines to address any additional arguments raised in defendants' motion for summary judgment.

01   / / /

02        DATED this 26th day of March, 2010.

04                                            _____
                                              Mary Alice Theiler
05                                            United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -8